CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 14 2015

JULIA C. DUDLEY, CLERK
BY: HMcDonao
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEZACHTRE R. GOODE,<br>    Plaintiff, | Civil Action No. 7:15-cv-00185 |
| v. | **MEMORANDUM OPINION** |
| COLLINS, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

Dezachtre R. Goode, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming as defendants Collins, a prison unit manager, and Lt. McCoy, a prison building supervisor. Plaintiff alleges that he told Lt. McCoy that his subordinates had not given Plaintiff a shower and three meals and that, despite Plaintiff's requests, Lt. McCoy would not transfer Plaintiff to another part of the prison.

Plaintiff fails to describe a defendant's deliberate indifference or an atypical or significant hardship in relation to the ordinary incidents of prison life, and he has no constitutional right to be housed in any particular part of a prison. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Farmer v. Brennan, 511 U.S. 825 (1994); Meachum v. Fano, 427 U.S. 215 (1976). While the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007) (Conrad, J.). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Accordingly,

the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

**ENTER**: This 14th day of May, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).